**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | |
| | * | **CRIM. NO. BAH-26-255-1** |
| **RAEKWON DIONTE BROWN,** | * | |
| | * | |
| **Defendant** | * | |

**...oOo...**

**MEMORANDUM IN SUPPORT OF REQUEST TO**
**REVIEW AND REVOKE ORDER SETTING CONDITIONS OF RELEASE**

The United States of America, by and through its attorneys, Kelly O. Hayes, United States Attorney for the District of Maryland, and Kevin Reinoso, Special Assistant United States Attorney for said District, pursuant to 18 U.S.C. § 3145(a)(1) and Local Rule 302.1, requests the United States District Court for the District of Maryland review and revoke the November 2, 2026 order setting conditions of release.

## I. PROCEDURAL HISTORY

On July 30, 2026, the Defendant, Raekwon Dionte Brown, was charged in an indictment returned by the Grand Jury with one count of conspiracy to commit interference with interstate commerce by robbery, in violation of 18 U.S.C. 1951(a); one count of interference with interstate commerce by robbery, in violation of 18 U.S.C. 1951(a); one count of use, carry, brandish a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. 924(c)(1)(A); and one count of possession of a firearm and ammunition by a prohibited person, in violation of 18 U.S.C. § 922(g)(1). ECF No. 1. The Defendant had his initial appearance on August 14, 2026. ECF No. 8. At that hearing, Defendant Brown consented to an order of temporary detention pending trial. ECF No. 12.

Counsel for the Defendant requested a detention hearing, which was held on November 2, 2026.[1] Prior to the hearing, the Government filed a memorandum in support of continued detention. ECF No. 30. Counsel for the Defendant submitted a memorandum in support of release. ECF No. 31. At the hearing, the Government presented video of the alleged robbery and oral argument in support of detention, and the Defendant presented oral argument in favor of release. Defense also noted that the United States Probation Office issued a report (the "Pre-Trial Services Report"), and two addendums to the report, which recommended the Defendant be released subject to certain conditions. *See* Pre-Trial Services Report Second Addendum, Pgs. 2–3. Ultimately, the Honorable Douglas R. Miller ordered that the Defendant be released from custody to home confinement at the residence of Fre'Shana Bien. *Id.* at 1. Ms. Bien, the Defendant's girlfriend, agreed to be a third-party custodian.

The Government requests that the United States District Court for the District of Maryland review and revoke the order issued setting conditions of release.

## II. <u>LEGAL STANDARD</u>

### A. Standard of Review on Review of Order

"When the district court acts on a motion to revoke or amend a magistrate judge's pretrial detention order, the district court acts *de novo* and must make an independent determination of the proper pretrial detention or conditions of release." *United States v. Stewart*, 19 F. App'x 46, 48 (4th Cir. 2001) (citing *United States v. Rueben*, 974 F.2d 580, 585–86 (5th Cir. 1992)); *see also United States v. Clark*, 865 F.2d 1433, 1436 (4th Cir. 1989). On review, the question becomes

[1] The hearing was originally scheduled for October 30, 2026. Before the hearing, however, Pre-Trial Officer Alkins issued an addendum to the Pre-Trial Report which recommended continued detention due to issues with the residences proposed by the Defendant. As such, the Defendant proposed a third residence/third-party custodian. Pre-Trial needed time to assess the adequacy of the arrangement. The hearing was held over until Monday, November 2, 2026.

"whether the evidence as a whole supports the conclusions of the proceedings below." *Stewart*, 19 F. App'x at 48 (citing *United States v. Trosper*, 809 F.2d 1107, 1111 (5th Cir. 1987)).

### B. *De Novo* Review of Determination of Release

The Government seeks the Defendant's continued detention pending trial because of the Defendant's danger to the community. 18 U.S.C. 3142(f)(1)(C). As this is "an offense under section 924(c)" there is rebuttable presumption "that no condition or combination of conditions will reasonably assure . . . the safety of the community . . . ." *Id.* at (e)(3)(B). The factors a court must consider in determining whether a defendant poses a danger to the community include:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves . . . a controlled substance [or] firearm;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person . . . ; and
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release."

18 U.S.C. § 3142(g). In this case, an examination of the § 3142 factors demonstrates that the Defendant should be detained pending trial.

#### i. The Nature and Circumstances of the Offense

On February 5, 2026, at approximately 8:49 p.m., the Defendants, Raekwon Dionte Brown and Dezmond Dwayne Whitfield, entered a 7-Eleven. After Defendant Brown grabbed a drink from the refrigerator, the Defendants went to the counter and looked as though they were going to purchase the drink. Defendant Whitfield then pulled out a distinct tan handgun, pointed the handgun at the cashier, stated "open the fucking register," and went around the enclosed register area to where an additional employee and customers were standing. Defendant Whitfield pointed the handgun at the four individuals and ordered them to the ground. Defendant Brown ordered the cashier to open the register, which she did. Defendant Brown located a green reusable bag nearby

and put money and Newport cigarettes into the bag. While Defendant Brown collected the items behind the register, Defendant Whitfield stood over the five victims. Defendant Brown unintentionally took a fake cigarette pack that contained a tracker. The Defendants then walked out. Closed circuit television (CCTV) cameras captured the incident.

A Baltimore Police Department officer had been alerted when the tracker was first removed and had been receiving real-time updates about the location of the tracker. Responding officers tracked down the vehicle with the information. Officers arrived at the location of the tracker, which had stopped moving, and observed a vehicle at a light. An officer that had reviewed the CCTV footage of the incident looked inside the vehicle and observed the driver and front-seat passenger, as well as two rear passengers. The rear passengers matched the description of the robbers. The officers then blocked the vehicle in and took the occupants out of the vehicle. As an officer took Defendant Whitfield out of the vehicle, the officer observed the distinct tan handgun on the floorboard. The handgun was determined to be an FNH USA/FN 509 handgun, with approximately twenty-five rounds of nine-millimeter caliber ammunition. Another officer took Defendant Brown out of the vehicle. As the officer took Defendant Brown out of the vehicle, Defendant Brown had a package of Newport cigarettes at his feet and a lit cigarette in his hand. The Defendants were wearing clothing that matched the clothing of the robbers.

The vehicle was then towed and a detective applied for and was granted a search warrant for the vehicle. A subsequent search of the vehicle yielded the green reusable bag, the Newport cigarettes in the green bag, and the tracker.

This offense involves a coordinated and planned robbery, where Defendant Whitfield brandished a firearm with a large-capacity magazine at five individuals while Defendant Brown

took cigarettes and money. The nature and circumstances of this offense clearly support continued detention.

**ii. Weight of the Evidence**

The evidence in this case is strong. The robbery itself was captured on CCTV footage. Real-time tracking information was used to find a vehicle believed to contain the tracker stolen from the 7-Eleven. An officer that had reviewed the CCTV footage of the robbery looked in the vehicle and observed that the clothing of the rear passengers (the Defendants) matched what was observed on the footage. Following the stop and search of the vehicle, the proceeds of the robbery—including a distinct green bag, Newport cigarettes, and tracker—were recovered from the vehicle the Defendants were found in. This factor clearly supports continued detention.

**iii. History and Characteristics of the Person**

The Defendant's criminal history began with two failures to appear when he was 19 years old in mid-2017. *See* Pre-Trial Services Report, Pg. 3. In one case, the Defendant was released on his own recognizance, only to fail to appear for court a month later. *Id.* A failure to appear warrant was issued the same day and served shortly after. *Id.* The day the warrant was served, the Defendant was arrested and charged in second case. *Id.* The Defendant was released on bond in the first case and on his own recognizance in the second case. *Id.* A month later, the Defendant failed to appear for court and a warrant was issued. *Id.* Less than two months later, the Defendant was arrested on the warrant and charged with a third case. *Id.* This time, the Defendant was held without bond in the second and third case. *Id.* The first and second cases were ultimately dismissed. *Id.* However, the Defendant plead guilty in the third case for having a handgun on his person. *Id.* The Defendant received a three-year sentence with all but three months suspended, with a three-year period of probation. *Id.* at 3–4. Four months later, the Defendant was alleged to have violated

his probation and a warrant was issued. *Id.* at 4. Approximately a week later, the warrant was served when the Defendant was arrested on two other cases. *Id.* He was held without bond on the alleged violation of probation and two new cases. *Id.* The two new cases were ultimately dismissed in September of 2018, and the Defendant was released on the violation of probation allegation. *Id.* at 4–5. Three months later, the Defendant was arrested on a new case, which ultimately resulted in a conviction for illegal possession of a regulated firearm. *Id.* at 5. He was sentenced to one year of incarceration in that case. *Id.* Despite this conviction, the Defendant was not found in violation of his probation. *See id.* at 4.

The Defendant was released from his one year sentence in November 2020 and was on mandatory supervision for approximately nine months. *Id.* at 5–6. At that time, in July of 2021, the Defendant was arrested on another case and released on bond. *Id.* at 6. Eight months later, the Defendant failed to appear for court. *Id.* For the next four years, the warrant went unserved. *Id.* The warrant was served when he was arrested for this offense. *Id.*

Given the Defendant's criminal history involving firearm offenses and prior failures to abide by conditions of release, his release pending trial would be a serious danger to the community and this factor supports continued detention pending trial.

#### iv. The Nature and Seriousness of the Danger to the Community in the Event of the Defendant's Release

There is a real danger to the community in the event of the Defendant's release pending trial. The Defendant conspired with his codefendant to rob a 7-Eleven at gunpoint, with five individuals inside. The firearm had an extended magazine, which shows the potential lethality associated with this conspiracy. Such conduct demonstrates a clear threat to the safety of the community if the Defendant were to be released pending trial.

## III. CONCLUSION

For the reasons set forth above, the Government respectfully requests that the order setting conditions of release issued on November 2, 2026, be revoked and order the Defendant be detained pending trial. The Government submits that no condition or combination of conditions will protect the community.

Respectfully submitted,

Kelly O. Hayes
United States Attorney

By:____________/s/____________

Kevin Reinoso
Special Assistant United States Attorney
United States Attorney's Office
36th South Charles Street, 4th Floor
Baltimore, Maryland 21202
(410) 209-4800

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 3, 2026, a copy of the foregoing Memorandum was filed via ECF.

/s/
Kevin Reinoso
Special Assistant United States Attorney