**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Crim. No. BAH-26-255-1 |
| | * | |
| RAEKWON DIONTE BROWN, | * | |
| | * | |
| Defendant | * | |

...oOo...

**DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION TO EXTEND STAY AND MOTION TO REVIEW AND REVOKE ORDER SETTING CONDITIONS OF RELEASE**

Raekwon Dionte Brown, by and through counsel, opposes the Government's Motion to Extend Stay of Release Order (ECF No. 34) and its Motion to Review and Revoke Order Setting Conditions of Release (ECF No. 35), and in support states the following:

**Introduction.**

On November 2, 2026, after a full hearing at which the Government played the surveillance video and argued for detention, Magistrate Judge Douglas R. Miller ordered Mr. Brown released to home detention in the custody of a third-party custodian. Judge Miller acknowledged that the decision was a close one. He weighed the § 3142(g) factors, considered the presumption, and concluded that the strictest conditions available would reasonably assure the safety of the community and Mr. Brown's appearance.

The Government now asks this Court to revoke that order. But its memorandum does not identify a single fact Judge Miller got wrong or a single legal

standard he misapplied. It offers no new evidence. Its analysis of the § 3142(g) factors are copied, word for word, from the memorandum it filed before the hearing. Compare ECF No. 35-1 at 3–6, with ECF No. 30 at 2–5. Review under 18 U.S.C. § 3145(a) is *de novo*, but the Government is not asking this Court to correct anything. It is asking this Court to substitute its judgment for Judge Miller's on the same record. Both motions should be denied.

**Background.**

Mr. Brown consented to temporary detention at his initial appearance only because Baltimore City had a hold on him in Case No. 121230005. ECF No. 12; Def.'s Mot. for Detention Hr'g ¶¶ 3–4. That case was nol prossed on October 7, 2026. *Id.* ¶ 5. Pretrial Services recommended release on conditions, and after an addendum raised concerns about the proposed residences, Mr. Brown proposed a third residence and custodian. Gov't Mem. at 2 & n.1. Pretrial Services' Second Addendum recommended release subject to conditions. *Id.* at 2.

At the November 2 hearing, the Government presented the surveillance video and argued for detention. *Id.* Judge Miller ordered Mr. Brown released to home confinement at the residence of Fre'Shana Bien, who agreed to serve as third-party custodian. *Id.* Judge Miller set the conditions recommended by probation that are the strictest possible conditions short of pretrial detention he could issue. Judge Miller stayed his order until 3:00 p.m. on November 3, 2026. ECF No. 34 ¶ 2. This morning, the Government filed the present motions.

**The Government Identifies No Error and Offers Nothing New.**

Sections II.B.i through II.B.iv of the Government's memorandum — the nature of the offense, the weight of the evidence, Mr. Brown's history, and the danger he allegedly poses — repeat the Government's pre-hearing memorandum verbatim. Compare ECF No. 35-1 at 3–6, with ECF No. 30 at 2–5. The only new material is a procedural history and a statement of the standard of review. Judge Miller had every one of these arguments in front of him, heard them again at the hearing, watched the video, and ruled.

Just as important is what the memorandum leaves out. It says nothing about Ms. Bien, the residence Pretrial Services evaluated, home detention, or location monitoring. It never explains why those conditions would fail. That is the actual question under the Bail Reform Act: not whether the charges are serious, but whether any "condition or combination of conditions will reasonably assure" the safety of the community and the defendant's appearance. 18 U.S.C. § 3142(e)(1). A motion that does not engage with the conditions imposed does not give this Court a reason to revoke them.

***De Novo* Review of This Record Leads to the Same Result.**

Mr. Brown agrees that this Court makes its own independent determination. *United States v. Stewart*, 19 F. App'x 46, 48 (4th Cir. 2001); *United States v. Clark*, 865 F.2d 1433, 1436 (4th Cir. 1989). But the Government's own authority frames the inquiry: "whether the evidence as a whole supports the conclusions of the proceedings below." Gov't Mem. at 3 (quoting *Stewart*, 19 F. App'x at 48). It does.

First, Pretrial Services — the neutral office charged with advising the Court — recommended release on conditions. Gov't Mem. at 2. The Government does not dispute that recommendation or explain why it is wrong.

Second, on the Government's own account, Mr. Brown never held or brandished the firearm. It was co-defendant Whitfield who "pulled out a distinct tan handgun," pointed it, and "stood over the five victims." Gov't Mem. at 3–4. The Government again concedes the division of roles: "Defendant Whitfield brandished a firearm . . . while Defendant Brown took cigarettes and money." *Id.* at 4–5. Judge Miller wrestled with this issue noting that despite not brandishing the gun, Mr. Brown did not act surprised that a gun was used, nor did he retreat when one was pulled. Again, Judge Miller addressed every fact and factor the Government presented.

Third, the presumption under § 3142(e)(3)(B) imposes only a burden of production. Mr. Brown met it with his lifelong ties to Baltimore, his lack of a passport or any foreign travel, an approved residence and custodian, and Pretrial Services' recommendation. The burden of persuasion remains with the Government, which must prove dangerousness by clear and convincing evidence. 18 U.S.C. § 3142(f).

Fourth, Mr. Brown's record does not compel detention. His two prior convictions are for possessing a handgun, at ages 19 and 21. He has no conviction for a crime of violence. His prior failures to appear occurred when he was released with no supervision at all, and the case behind the most recent one has been

dismissed. Judge Miller thoroughly addressed the concerns over flight, which was one of the primary reasons for setting such strict conditions of release. The Baltimore City cases did not involve home detention, location monitoring, or a custodian living with him. Judge Miller noted that the strict conditions of release, along with a strong family support system, community ties, and now being a father, indicated reasonable assurances that the conditions of release he set where the least restrictive necessary satisfy the Bail Reform Act.

Judge Miller weighed all of this and found that the strictest conditions short of detention were enough. That the question was close does not make the answer wrong. On this record, the evidence supports his conclusion.

**The Stay Should Not Be Extended.**

The Government bears the burden of showing that a stay is justified. *Nken v. Holder*, 556 U.S. 418, 433–34 (2009). It has not carried it.

**Likelihood of success.** The Government's "strong showing" consists of the same proffer Judge Miller already considered and found insufficient. ECF No. 34 ¶ 6. Repeating an argument that did not persuade the court below is not a strong showing of success.

**Irreparable harm.** The Government's claim of harm rests on two premises that are wrong. It describes Mr. Brown as "an individual with an active warrant" who would be "out in the community without court supervision." ECF No. 34 ¶ 7. There is no active warrant. The 2022 warrant in Case No. 121230005 was served on February 9, 2026, and the State nol prossed that case on October 7, 2026. Pretrial

Services Report at 6; Def.'s Mot. for Detention Hr'g ¶ 5. And Mr. Brown would not be without supervision. He would be on home detention, with location monitoring, living with a court-approved custodian.

The stay motion also leans on risk of flight, ECF No. 34 ¶ 7, but the Government's memorandum seeks revocation only on the ground of danger. Gov't Mem. at 3 ("The Government seeks the Defendant's continued detention pending trial because of the Defendant's danger to the community."). Location monitoring answers any flight concern in any event. As for the alleged victims, the Government proffers nothing from any of them, and there is no allegation that Mr. Brown has ever contacted or threatened anyone involved in this case.

**Harm to Mr. Brown.** The Government concedes that a stay will prejudice Mr. Brown. ECF No. 34 ¶ 8. He is presumed innocent. He has been in custody since February 6, 2026 — nearly nine months. A magistrate judge has found, after a full hearing, that he may be safely released. Every additional day in custody is a day of liberty he cannot get back.

The public interest. "In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). The public interest is served when release orders entered after a full hearing take effect, not when they are held in abeyance while the Government repeats the arguments it lost.

Finally, the Government asks for a stay "until further order by this Court, including whatever briefing and hearing schedules the Court may set." ECF No. 34

¶ 4. That is an open-ended stay. The statute requires that a motion for revocation "be determined promptly." 18 U.S.C. § 3145(a). If the Court wishes to hold a hearing before ruling, Mr. Brown asks that it be set promptly and that any stay be limited to that date.

**Conclusion.**

The Government has identified no error in Judge Miller's findings or his application of the law, and it has offered nothing he did not already consider. Mr. Brown respectfully asks the Court to deny the Government's Motion to Extend Stay of Release Order (ECF No. 34) and its Motion to Review and Revoke Order Setting Conditions of Release (ECF No. 35), and to allow the November 2, 2026, release order to take effect.

Respectfully submitted,

/s/ Mirriam Z. Seddiq
Mirriam Z. Seddiq
Seddiq Law
PO BOX 1127
Rockville, Maryland 20850
PH: 301.513.7832 FX: 443.588.0400
Mirriam.seddiq@seddiqlaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 3, 2026, a copy of the foregoing Opposition was filed via ECF.

/s/ Mirriam Z. Seddiq
Mirriam Z. Seddiq